NO. 26-1241

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

JAMES YATES

**Plaintiff/Appellant,**

v.

FRANCONNECT, LLC

**Defendant/Appellee.**

On Appeal from the United States District Court for the Eastern District of
Virginia Civil Action No. 1:25-cv-540
(Honorable Leonie M. Brinkema)

## MOTION FOR RECONSIDERATION

FranConnect, LLC respectfully opposes James Yates's Motion to Extend the Briefing Deadline. Mr. Yates has not demonstrated good cause for the requested extension, and the circumstances underlying the motion reflect delay of Mr. Yates's counsel's own making coupled with tactical gamesmanship.

## BACKGROUND

On Thursday, June 4, 2026, Counsel for Mr. Yates provided FranConnect with her proposed additions to the Joint Appendix. Exhibit 1. Within 24 hours, Counsel for FranConnect responded, including their designations to the Joint Appendix. Exhibit 1. Mr. Yates's counsel asked why FranConnect wanted to include certain designated documents. *Id*. FranConnect quickly replied the next business day, providing the relevant Federal Appellate Rule for each document Mr. Yates's counsel had questioned. *Id*. Several emails followed where Counsel for Mr. Yates vehemently denied including Appellee's designated filings in the Joint Appendix. *Id*. It was not until the day before Appellant's brief was due that Counsel for Mr. Yates called the Court's "case manager" who informed her that she must include Appellee's designations. Counsel for Mr. Yates promptly notified Counsel for FranConnect that they are requesting an extension to include the filings FranConnect designated the week prior. *Id*. FranConnect then cut its designations in half and rejected the request for extension. *Id*. Then, Counsel for Mr. Yates informed FranConnect that because it rejected the extension, she were going to add FranConnect's initial Summary Judgment Brief that Mr. Yates moved to strike and was stricken from the docket (which was amended and accepted by the trial court) and that she would proceed with seeking an extension. *Id*.

Before FranConnect could respond to Mr. Yates's Motion for an Extension, the Motion was granted within an hour of it being filed. FranConnect requests reconsideration because the revised briefing schedule conflicts with their travel plans in late July and would cause them prejudice.

**LEGAL ARGUMENT**

Federal and Local Rules of Appellate Procedure Rule 31(c) states

> "[e]xtensions will be granted only when extraordinary circumstances exist. A motion for an extension of time to file a brief must be filed well in advance of the date the brief is due and must set forth the additional time requested and the reasons for the request. The Court discourages these motions and may deny the motion entirely or grant a lesser period of time than the time requested." Federal and Local Rule of Appellate Procedure 31(c).

Generalized motions such as counsel's heavy workload or accumulation of work does not constitute good cause or extraordinary circumstances. *Key v. Robertson*, 626 F.Supp.2d 566 (2009). When the delay is something within the movant's control, such as their own scheduling choices or failure to plan, courts have found the standard unmet. *J.D. ex rel. Davis v. Kanawha County Bd. of Educ.,* 517 F.Supp.2d 822 (2007). As such, the good cause standard applies when the delay results from something not within the control of the movant, and that carelessness or ignorance of the rules does not qualify. *Id*.

**I.  FranConnect Provided Mr. Yates with Timely Notice of Designated Filings for the Joint Appendix**

First, FranConnect provided Mr. Yates with ample and timely notice of the documents it intended to designate, along with the applicable rules and supporting authority governing those designations. *See* Exhibit 1**.** Mr. Yates was therefore fully equipped with the rules and authority to evaluate the proposed materials and prepare any appropriate response within the existing schedule.

Mr. Yates had several days to include FranConnect's designations to their Joint Appendix. *Id*. Nothing about FranConnect's designations created any unforeseen circumstance that would justify disturbing the Court's established deadlines.

## II.     Any Delay is Directly Attributable to Plaintiff's Own Objections

Second, to the extent any delay has occurred, it is directly attributable to Mr. Yates's own objections. Mr. Yates chose to challenge FranConnect's designations, even after FranConnect provided the corresponding rules and authorities governing their designations, triggering additional motion practice and the subsequent passage of time. A party cannot manufacture delay through its own litigation choices and then invoke that same delay as "good cause" for an extension on the eve of a filing. *J.D. ex rel. Davis v. Kanawha County Bd. of Educ.,* 517 F.Supp.2d 822 (2007). Courts routinely reject such self-created justifications, and the same result is warranted here. *Id*.

## III.     Mr. Yates's Position is Inconsistent

Mr. Yates contends that he requires an extension because it cannot adequately respond within the current framework, yet simultaneously asserts that he will incorporate additional documents in the Joint Appendix the day prior to filing his brief. Exhibit 1. Even more, the documents Mr. Yates wishes to include are documents he previously moved to strike and were stricken from the record. At the same time, Mr. Yates resists inclusion of FranConnect's narrowed and streamlined list of materials. Exhibit 1 at __ (where FranConnect's counsel agreed to designating only 16 filings rather than the original 31 it requested due to the impending deadline and Mr. Yates's request for an extension). This selective approach further demonstrates that the

requested extension is not grounded in necessity or good cause, but in a desire to control the record in a tit-for-tat, petty manner.

### IV. Conclusion

In short, Mr. Yates has not shown diligence, good cause, or any legitimate basis for modifying the Court's schedule. The requested extension would prejudice FranConnect and undermine the orderly progression of this matter.

Dated June 9, 2026

Kraig B. Long
Sarah J. Steinberg
NELSON MULLINS RILEY &
SCARBOROUGH
100 S. Charles Street, Suite 1600
Baltimore, MD 21201
Kraig.Long@nelsonmullins.com
Sarah.Steinberg@nelsonmullins.com
Tel.: 443.392.9499

Heather M. Lambert
NELSON MULLINS RILEY
& SCARBOROUGH
1021 E. Cary Street, Suite 2120
Richmond, VA 23219
Heather.Lambert@nelsonmullins.com
Tel.: 804.533.3868
Fax.: 804. 616.4129

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed via

CM/ECF and a copy was sent via email to the counsel below:

Monique A. Miles
Old Towne Associates, P.C.
201 N. Union Street, Suite 110
Alexandria, VA 22314

*Counsel for Plaintiff*


Kraig B. Long
NELSON MULLINS RILEY & SCARBOROUGH
100 S. Charles Street, Suite 1600
Baltimore, MD 21201

*Counsel for Defendant FranConnect, LLC.*