No. 26-1241

# IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**JAMES YATES**,

Plaintiff-Appellant,

v.

**FRANCONNECT, LLC**,

Defendant-Appellee.

JOINT APPENDIX
Volume I
(JA 00001- JA 00013)

| | |
|---|---|
| Monique A. Miles, Esquire<br>OLD TOWNE ASSOCIATES, P.C.<br>201 N. Union Street, Ste. 110<br>Alexandria, Virginia 22314<br>(Ph) 703-519-6810<br>mmiles@oldtowneassociates.com | Heather M. Lambert<br>NELSON MULLINS RILEY &<br>SCARBOROUGH<br>1021 E. Byrd Street, Suite 2120<br>Richmond, VA 23219<br>(Ph) 804.533.3868<br>Heather.Lambert@nelsonmullins.com |
| Arinderjit Dhali<br>Dhali PLLC<br>1629 K Street, NW, Suite 300<br>Washington, DC 20006<br>(Ph) 202-556-1285<br>ajdhali@shalilaw.com | Kraig B. Long<br>100 S. Charles Street, Suite 1600<br>Baltimore, MD 21201<br>(Ph) 443.392.9499<br>Kraig.Long@nelsonmullins.com |
| Attorneys for Plaintiff-Appellant | Attorneys for Defendant-Appellee |

July 21, 2026

# Table of Contents
## Volume I

|  | Description | Filing Date | Pages |
|---|---|---|---|
| 1. | Order Granting Motion for Summary Judgment (ECF No. 88) | 2/27/2026 | JA 1 |
| 2. | Clerk's Judgment re: Motion for Summary Judgment (ECF No. 89) | 2/27/2026 | JA 2 |
| 3. | Transcript of Motion for Summary Judgment Hearing (ECF No. 124) | 4/30/2026 | JA 3 - 13 |

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JAMES YATES,                                )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )        1:25-cv-540 (LMB/LRV)
                                            )
FRANCONNECT, LLC,                           )
                                            )
            Defendant.                      )

## ORDER

For the reasons stated in open court, it is hereby

ORDERED that defendant's Motion for Summary Judgment, [Dkt. No. 26], be and is

GRANTED.

The Clerk is directed to enter judgment in defendant's favor pursuant to Federal Rule of

Civil Procedure 58, forward a copy of this Order to counsel of record, and close this civil action.

Entered this 27th day of February, 2026.

Alexandria, Virginia

_____/s/_____
Leonie M. Brinkema
United States District Judge

JA 0001

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| JAMES YATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:25-cv-00540-LMB-LRV |
| | ) |
| | ) |
| FRANCONNECT, LLC, | ) |
| | ) |
| Defendant. | ) |

**<u>JUDGMENT</u>**

Pursuant to the order of this Court entered on February 27, 2026, and in accordance with Federal Rules of Civil Procedure 58, JUDGMENT is hereby entered in favor of the defendant Franconnect, LLC and against the plaintiff James Yates.

FERNANDO GALINDO, CLERK OF COURT

By:_____/s/_____
          Y. Guyton
          Deputy Clerk

Dated: February 27, 2026
Alexandria, Virginia

JA 0002

```
----------------------------x
JAMES YATES,                  :    Civil Action No.:
                              :    1:25-cv-540
            Plaintiff,        :
    versus                    :    Friday, February 27, 2026
                              :    Alexandria, Virginia
FRANCONNECT, LLC,             :
                              :    Pages 1-11
            Defendant.        :
----------------------------x
```

The above-entitled motions hearing was heard before the Honorable Leonie M. Brinkema, United States District Judge. This proceeding commenced at 10:15 a.m.

A P P E A R A N C E S:

FOR THE PLAINTIFF:     MONIQUE MILES, ESQUIRE
                       OLD TOWNE ASSOCIATES, P.C.
                       201 N. Union Street
                       Suite 110
                       Alexandria, Virginia  22314
                       (703) 994-9367

FOR THE DEFENDANT:     KRAIG LONG, ESQUIRE
                       SARAH STEINBERG, ESQUIRE
                       NELSON MULLINS RILEY
                       & SCARBOROUGH LLP
                       100 S. Charles Street
                       Suite 1600
                       Baltimore, Maryland  21201
                       (444) 392-9400

                       HEATHER LAMBERT, ESQUIRE
                       NELSON MULLINS RILEY
                       & SCARBOROUGH LLP
                       1021 E Cary Street
                       Suite 2120
                       Richmond, Virginia  23219
                       (804) 533-2900

COURT REPORTER:        STEPHANIE M. AUSTIN, RPR, CRR
                       Official Court Reporter
                       United States District Court
                       401 Courthouse Square
                       Alexandria, Virginia  22314
                       S.AustinReporting@gmail.com

COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

1

P R O C E E D I N G S

THE DEPUTY CLERK: Civil Action 25-540, James Yates v. FranConnect, LLC.

Would counsel please note their appearance for the record.

MS. MILES: Good morning, Your Honor. Monique Miles on behalf of the plaintiff, James Chris Yates. He goes by Chris Yates.

THE COURT: Good morning.

MS. LAMBERT: Good morning, Your Honor. My name is Heather Lambert. I'm here on behalf of FranConnect, along with Kraig Long and Sarah Steinberg.

THE COURT: All right. Mr. Long, are you arguing again for the defendant?

MR. LONG: I am, Your Honor.

THE COURT: All right. Now, before we get to the summary judgment motion that is pending before the Court, I think when we saw you last week I had suggested or encouraged you all to see if you could work this case out because today is really potentially the last day you may be in court.

Was there any effort made during the past week to try to resolve this case?

MS. MILES: Yes, there was, Your Honor. We submitted -- well, I don't know if you want the details.

THE COURT: Well, just a general -- you submitted

some sort of new demand?

MS. MILES:  I submitted a counteroffer, Your Honor. We never got a counteroffer after that.

THE COURT:  All right.

MR. LONG:  We went back and forth, Your Honor.  As you may recall when I was in court last week, I said we were miles apart, and those miles remain the same.

So, yeah, we tried.  We certainly tried to make an effort of it, but it was -- in our opinion, the plaintiff was just so far away from what --

THE COURT:  Let me ask you this, as I recall, the -- stay there --

MR. LONG:  Oh, yes.

THE COURT:  -- Mr. Long.

As I recall when the -- when Mr. Yates was offered the opportunity to either take a different position in the company or leave, those were his options, you offered him a severance package, which am I correct that it was -- was it five months of pay?

MR. LONG:  Yes, Your Honor.

THE COURT:  Do you have a normal severance policy at your company?

MR. LONG:  We do not, Your Honor.

THE COURT:  So it varies?

MR. LONG:  It varies.  And that severance offer --

3

and even more than that severance offer was offered to him during settlement negotiations, and they rejected that.

THE COURT: And was that the type of package that you were discussing with Judge Vaala when you were trying to settle this case?

MR. LONG: Yeah. We actually used that as the starting point, Your Honor, and went up from there.

THE COURT: All right.

MS. MILES: Your Honor, I would contest that that was the starting point. They actually started below that number at our settlement.

THE COURT: Well, whether you started there or not, we're not going to get into the unsuccessful settlement efforts. But it's always unfortunate when I see a case that doesn't settle because, unfortunately, Ms. Miles, the Court is going to be granting summary judgment in this case. I have to tell you that the response to the summary judgment brief by the defendant was very, very weak.

Number 1, you cannot adequately oppose summary judgment by simply submitting a declaration from the plaintiff. That's the first argument the defendant made in his motion, and it's quite correct. The whole point of pretrial discovery is that the parties fully articulate their position so that the other side is -- you know, can probe it, ask questions. And, therefore, when a plaintiff who's been deposited then is

4

starting to file, you know, declarations in a summary judgment proceeding, that's very problematic.

Secondly, most of what's in that declaration are the plaintiff's beliefs. And when we get down to summary judgment, what we're looking at is not a party's belief, it's what is the evidence that supports the party's position. We're looking now solely at what is the actual evidence in the case, and in this case, the evidence does not help the plaintiff.

I think it's absolutely uncontested and uncontestable that the plaintiff had multiple months in which he was not meeting his quotas, and that failing to meet the quotas that are set by the defendant is certainly legitimate grounds for discipline.

And in this case, even though you've argued -- and I understand the argument that somehow -- the way in which the sales leads were being divided among people, that somehow there was some racial bias in how that was done, the evidence just doesn't support that.

In this case, you don't have comparators that you can legitimately use in this type of a case, because, unfortunately, I guess there weren't very many people at that executive level in the enterprise operation. And those are the only people who would be appropriate -- truly appropriate comparators.

The problem in a lot of these cases which involve

5

comparing various employees in different groups is, you can't compare apples to oranges, and that's what's happening throughout much of the evidence in this case.

So there's a six-count complaint that we have here. Counts 1 and 2 allege race discrimination based first on the federal and then on the Virginia statute. Count 3 is a pay differential claim. And Counts 4, 5 and 6 are retaliation claims. And for none of those is there sufficient evidence to let this case go to a jury. I cannot find on this record that any reasonable juror could find in the plaintiff's favor on any of these grounds.

In terms of the racial -- the two counts -- Counts 1 and 2, there's no direct evidence of racial hostility in this case. So we're doing the McDonnell Douglas analysis. And of course the plaintiff certainly satisfies the first element that he's a member of a protected class, but there are three other elements that have to be satisfied in order to make out a prima facie case.

The second element is really the primary killer in this case, is that there is insufficient evidence. In fact, there is really no evidence that the plaintiff was satisfactorily performing his job. His job was to make sales, new sales, and there were very few months in which he met his quota. There were a couple of months where we exceeded it, but the overall performance month to month was clearly substandard.

6

And the evidence -- the uncontested evidence in this case is that the plaintiff was put on three separate performance improvement plans, all of which focused on the need to generate more sales.  In fact, even before he was put on a PIP in one of his early performance evaluations, that was one of the comments from the rater, that he needed to develop better skills in this area.

The sad thing I find in this case is that the plaintiff, when things got to the point where the third performance plan had not worked out, was offered the opportunity to go from the executive position to the management position in the -- still in the enterprise area, and you rejected that.  But as I understand the evidence in this case, is that the management position, if he was able to perform it effectively, would not have resulted in any greatly significant difference in financial benefit to him.

The problem was he was in a position where he was not able to generate the types of activity that would result in the bonuses and the other -- and also enable him to keep the position.  His skill set would appear to have been better as a manager, but he chose to reject that position.

But in any case, he clearly cannot satisfy the -- on the evidence in this case, the second element of a prima facie case.  And so for the race discrimination counts, that's sufficient to grant summary judgment.

7

There is also frankly a real issue about whether there were truly adverse employment actions, because I think the law is increasingly showing that just being put on a performance improvement plan is, itself, not considered an adverse employment action. And again, as I said, I don't find there's sufficient evidence of comparators that would be -- that would hold up in law.

In terms of Count 3, the pay differential, the comparator there is a person whose last name is Griffin. My understanding is that the plaintiff, when he was hired, was hired at a base salary of $120,000, which was within the range of salary that he had requested. He had seven years of experience -- relevant experience. He's comparing his salary with Ms. Griffin, who was white, so outside of his racial group, but as the defendant points out, and there's no evidence that refutes this, she had 11 years of experience, and her salary differential was 135,000. So there was a $15,000 difference.

Well, I mean, again, this is an apples-and-oranges thing, and there's just not enough evidence there to indicate that there was some improper race-based reason for the salary differential. The employer has come forward with a completely race-neutral explanation for that differential.

And then in terms of the retaliation claims, again, with retaliation, the plaintiff must show that he engaged in

8

protected activity.  In this case, that would have been on December 2nd of 2024 when he alerted management that he thought he was being treated improperly based on his race because of the PIPs and the way in which his leads were being assigned to him versus to other people.  But the problem is, you have to show, Number 1, engagement in protected activity; two, that, thereafter, an adverse action is taken; and then three, that there is some causal connection that would lead one to believe that the adverse action was generated because of the protected activity.

When you have a case where there is a clear record of the "adverse actions" having been taken before there is any protected activity, that erodes the concept or the conclusion that the final adverse action was taken because of the protected activity.

And here, where there's a track record of multiple months of the employer finding that the plaintiff has not fulfilled his job expectations because he's just not meeting his quotas, and having been put on three separate performance improvement plans to try to help him get to the point where he can do the job appropriately, the fact that he is finally terminated -- and even at that point, the termination is in January.  So the one thing the plaintiff has in his favor is the short time period between his protected activity and sort of the final what is truly an adverse action.  Except it's a

9

quasi adverse action, because the plaintiff was not fired in January, per se, he was given an offer to accept what he calls a demotion, which the defendant says was a lateral. And even if there were a demotion, it strikes the Court on this record it was not that onerous a demotion, and he chose not to accept it. And so I don't find that this is the kind of case that would hold up on a retaliation claim.

So Ms. Miles, I know you like to rebut what the Court has to say, but you don't need to. I find on this record -- this summary judgment record that the defendant has clearly shown, in the Court's view, that there are no material facts at issue that would support any of these six counts going to trial. I do not find that a reasonable juror could find in the plaintiff's favor on any of these six counts. And so I'm granting the summary judgment motion, and we'll enter the Rule 58 judgment today. So the time to appeal starts today.

Thank you.

MR. LONG: Thank you, Your Honor.

MS. MILES: Your Honor, do we get an opportunity to object on the record or no?

THE COURT: I know you object, but, yes, you've objected for the record.

MS. MILES: All right. Thank you.

THE COURT: All right.

(Proceedings adjourned at 10:28 a.m.)

10

Stephanie Austin, RPR, CRR USDC/EDVA

JA 0012

---------------------------------

I certify that the foregoing is a true and accurate transcription of my stenographic notes.

*Stephanie Austin*

Stephanie M. Austin, RPR, CRR

11